844 So.2d 58 (2003)
Cleo DAVIS
v.
CIPPRIANI'S ITALIAN RESTAURANT
No. 2002 CA 1144.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
Writ Denied May 9, 2003.
*59 Flitcher Bell, Baton Rouge, for Appellee Plaintiff Cleo Davis.
Michael McKay, Douglas Cochran, Baton Rouge, for Appellants Defendants Cippriani's Restaurant, et al.
Before: FOIL, McCLENDON and KLINE,[*] JJ.
FOIL, J.
In this workers' compensation matter, defendants, Cippriani's Italian Restaurant and its insurer, the Louisiana Restaurant Association Self Insurers Fund (LRASIF), appeal a ruling by the workers' compensation judge in favor of plaintiff claimant, Cleo Davis. The judgment awarded recovery of supplemental earnings benefits at her temporary total disability rate from the date she last received indemnity benefits, through trial and continuing. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND
On October 21, 1999, the claimant, Cleo Davis, filed a disputed claim form with OWC, claiming entitlement to workers' compensation benefits. She alleged that on April 12, 1995, while in the course and scope of her employment at Cippriani's Italian Restaurant, she injured her neck lifting a heavy pot of red gravy. She asserted that the workers' compensation carrier for Cippriani's, LRASIF, wrongfully terminated indemnity benefits on May 12, 1999, following her recovery from surgery. The employer filed an answer generally denying the claim, and the matter ultimately proceeded to a trial on the merits. The workers' compensation judge, Pamela Moses-Laramore, found that the claimant met her burden of proof that she could not return to her pre-injury wage. The WCJ further found that the employer failed to sustain its burden of proving that the claimant was employable at ninety percent of her pre-injury wage. As such, the WCJ concluded that the claimant is entitled to supplemental earnings benefits. This appeal by the employer and its insurer followed.

DISCUSSION
Appellants allege that the WCJ erred in finding that claimant met her burden of proof entitling her to supplemental earnings benefits. They further contend that the WCJ erred in finding that they failed to satisfy their burden of proof that claimant was physically able to perform a job available to her in her community.
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest errorclearly *60 wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556.
An employee who is not entitled to receive either temporary total or permanent total disability may be eligible to receive supplemental earnings benefits. To recover SEBs, an employee must prove he has been injured in a work-related accident, which rendered him disabled from earning ninety percent or more of his former earnings. La. R.S. 23:1221(3). Whether plaintiff's injury prevents him from obtaining employment earning ninety percent of his pre-injury wages is a question of fact and, as such, we may not disturb the WCJ's finding on this issue absent manifest error.
Once the employee's burden is met, the burden shifts to the employer who, in order to preclude an award of SEBs, must prove by a preponderance of the evidence that the employee is physically able to perform work that was offered to him or that was available in the employee's or employer's community or a reasonable geographic location. La. R.S. 23:1221(3)(c)(i); Banks v. Industrial Roofing & Sheet Metal Works, Inc., 696 So.2d at 556.
An employer may discharge the burden of proving job availability by establishing, at a minimum, the following, by competent evidence: (1) the existence of a suitable job within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region; (2) the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and, (3) an actual position available for that particular job at the time that the claimant received notification of the job's existence. Id. at 557.
Here, the parties stipulated that claimant was employed by Cippriani's Restaurant on the date of her injury, April 12, 1995. Claimant was injured in the course and scope of her employment. Her average weekly wage at the time of her injury was $125.08. TTD benefits were paid from the date of the accident until May 12, 1999, at the weekly rate of $83.35. The issues to be decided at trial were the nature and extent of claimant's disability past May 12, 1999, and her entitlement to any further benefits.
A review of the testimony at trial indicates that a vocational rehabilitation counselor reviewed a report by claimant's treating physician as to her physical limitations. The counselor then provided claimant with a list of job opportunities within claimant's capabilities. Claimant testified that she applied for many of these jobs, but to no avail. She was either told there were no openings or never got a response to her application. Claimant maintained that she could not perform any of the jobs anyway because she is in constant pain. Claimant testified she is in more pain now than before her surgical fusion in 1997.
The evidence supports the WCJ's finding that claimant met her burden of proof that she could not return to work at her pre-injury wage. The WCJ further found *61 that the defendants failed to meet their burden of proving that claimant is employable at ninety percent of her pre-injury wage based on a timing consideration. The counselor was unable to show that the job opportunities were still open at the time claimant's treating physician signed-off on them. We find the evidence supports this conclusion. The WCJ stated that, in the future, the counselor should first get the physician to sign-off on certain types of jobs. Then, the counselor should ascertain whether certain particular jobs are open and available. At that time, a list of job openings should be provided to claimant. In light of the evidence presented in the record, we cannot say that the WCJ's findings were manifestly erroneous or clearly wrong. Accordingly, we decline to disturb her ruling.

CONCLUSION
For the foregoing reasons, the decision of the workers' compensation judge is affirmed. Costs of the appeal are assessed to defendants appellants.
AFFIRMED.
KLINE, J., concurs for reasons assigned.
KLINE, J., Concurring.
I agree that under the particular facts the claimant is entitled to the additional benefits awarded. However, we should note that this case has redefined the role of the vocational rehabilitation expert in discharging the employer's burden established in Banks v. Industrial Roofing and Sheet Metal Works, Inc. supra.
NOTES
[*] Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.